```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

COLONY INSURANCE COMPANY,

    Plaintiff,

v.                               CASE NO:  8:09-cv-776-T-33TGW

SUNCOAST MEDICAL CLINIC, LLC,
et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Suncoast's Amended Motion for Reconsideration of this Court's Order Granting Plaintiff's Dispositive Motion for Summary Judgment and Denying Defendant's Dispositive Motion for Summary Judgment on Count II of Plaintiff's Complaint (Doc. # 84).

This Court granted summary judgment and entered judgment in favor of Plaintiff Colony Insurance as against Defendant Suncoast Medical Clinic on July 20, 2010 (Doc. # 80). Suncoast now moves this Court, pursuant to Rule 59(e), Fed. R. Civ. P., to reconsider and reverse its Order.  Suncoast asserts that this Court's reliance on <u>Alayon del Valle v. Kenyon</u>, 2009 WL 3299373 (D. Puerto Rico Oct. 9, 2009), is misplaced, and, therefore, its Order based thereon constitutes

a clear error; and that new case law provides a basis with which the Court can impose on Colony a duty to defend Suncoast.

The decision to alter or amend a judgment under Rule 59(e), Fed. R. Civ. P., is within the sound discretion of the Court and will not be overturned on appeal absent abuse of discretion. American Home Assur. Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985). There are three grounds that justify granting a motion for reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice. See CSX Transp., Inc., v. City of Pensacola, Fla., 936 F. Supp. 885, 889 n.2 (N.D. Fla. 1995); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999); see also Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

Suncoast's motion does not fit within any of these three grounds. Suncoast has not presented a change in the law, new

evidence, or a need to correct clear error or manifest injustice. Rather, Suncoast's motion asserts arguments already presented and considered by the Court and case law decided prior to this Court's entry of its Order that cannot be considered a change in the law. Thus, Suncoast has not established a basis for this Court's reconsideration of its previous Order granting the summary judgment in favor of Colony.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Suncoast's Amended Motion for Reconsideration of this Court's Order Granting Plaintiff's Dispositive Motion for Summary Judgment and Denying Defendant's Dispositive Motion for Summary Judgment on Count II of Plaintiff's Complaint (Doc. # 84) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of October, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

3