UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLONY INSURANCE CO.,

       Plaintiff,

v.                    Case No.: 8:09-cv-776-T-33TGW

SUNCOAST MEDICAL CLINIC, LLC,
ET AL.,

       Defendants,

v.

LANDMARK AMERICAN INSURANCE
COMPANY,

       Third-Party Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Third-Party Defendant Landmark American Insurance Company's Motion for Final Summary Judgment (Doc. # 110), filed on March 28, 2011, and Defendant/Third-Party Plaintiff Colleen A. Ziolkowski's Motion for Summary Judgment (Doc. # 111), also filed on March 28, 2011. For the reasons that follow, the motions are denied.

## I.  Background and Procedural History

This case arises from a wrongful death and medical malpractice action initiated by Colleen Ziolkowski against

-1-

Suncoast, George E. Ettel, M.D., and Ignacio A. Sotolongo, M.D., on or about August 22, 2008 (Doc. # 40 Exh. 2) (the "Underlying Lawsuit"). While under the care of Suncoast physicians Ettel and Sotolongo, Charles J. Ziolkowski died from liver cancer on or about October 18, 2006. On June 8, 2007, Ziolkowski served a Notice of Intent to Initiate Litigation (NOI) to Suncoast, Ettel and Sotolongo, alleging, among other things, that Defendants failed to recognize, evaluate and document changes in her husband's condition and timely order and perform diagnostic studies and interventions. More significantly for the purposes of the motions at issue, Ziolkowski alleged "[f]ailure to have in place sufficient policies and procedures, staff, and assistive technology to ensure that diagnostic tests and communication between physicians and other medical personnel was performed."

Plaintiff Colony insured Suncoast under a Commercial General Liability Policy. After receiving notice of Ziolkowski's claim, Suncoast demanded that Colony defend and indemnify Suncoast in the Underlying Lawsuit. Colony denied it had a duty to do so, asserting that exclusions precluded

coverage for bodily injury arising out of "the rendering or failure to render medical, surgical, treatment, advice or instruction" in connection with services provided by healthcare providers.

Colony brought suit in this Court on April 24, 2009, seeking a declaration that it owed no duty to defend or indemnify Suncoast (Doc. # 1). Colony filed a Motion for Summary Judgment (Doc. # 40) on December 28, 2009, which this Court granted on July 20, 2010 (Doc. # 80). The Court found that the claim against Suncoast in the Underlying Lawsuit involved decisions regarding hiring medical staff, purchasing diagnostic technology, and establishing policies and procedures that were integral to the provision of medical services and not ordinary business practices.

On February 16, 2010, Suncoast moved to join Landmark as a third-party defendant (Doc. # 53), and the Court granted the motion on March 3, 2010 (Doc. # 54). Landmark insured Suncoast under Claims-Made Policy # LHM712725 for the period of March 1, 2007, through March 1, 2008 (the "2007-2008 Policy"), with limits of $500,000 per claim and $1,500,000 in the aggregate. Landmark subsequently issued

Claims-Made Policy # LHM716793 for the period of March 1, 2008 to March 1, 2009 (the "2008-2009 Policy") with identical limits.

On or about October 22, 2008, Suncoast informed Landmark of Ziolkowski's allegations of direct liability against Suncoast for deficient policies and procedures in addition to allegations for vicarious liability for the actions of Ettel and Sotolongo. Landmark denied indemnity and defense of the lawsuit by letter dated December 5, 2008. Landmark asserted that there was no coverage under the 2008-2009 Policy because Ziolkowski first asserted her claim during the 2007-2008 policy period. On March 17, 2010, Suncoast filed a crossclaim against Landmark for breach of contract. (Doc. # 61).

On January 21, 2011, Suncoast assigned its rights and interest to all actions or causes of action against Landmark to Ziolkowski, who was substituted as a party in this action (Doc. ## 106-107). Ziolkowski filed her second amended third-party complaint against Landmark on February 7, 2011 (Doc. # 108) alleging breach of contract for refusing to indemnify Suncoast (Count I). Ziolkowski further seeks a

-4-

declaratory judgment that Landmark has a duty to indemnify Suncoast (Count II).

Landmark filed its Motion for Final Summary Judgment (Doc. # 110) on March 28, 2011, and Ziolkowski filed her response on April 11, 2011 (Doc. # 114). Ziolkowski filed her Motion for Summary Judgment (Doc. # 111) on March 28, 2011, and Landmark filed its response on April 11, 2011 (Doc. # 113). The cross motions for summary judgment are ripe for the Court's review.

## II.  Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'q Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(quoting Celotex, 477 U.S. at 324).

-6-

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). The Eleventh Circuit has explained that in deciding whether an inference is reasonable, the court must

> cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness. (citation omitted). The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988).

-7-

Summary judgment is appropriate in an action seeking a declaration of coverage when the insurer's duty, if any, rests solely on the applicability of the insurance policy, the construction and effect of which is a matter of law. Northland Cas. Co. v. HBE Corp., 160 F. Supp. 2d 1348, 1357-58 (M.D. Fla. 2001). When the jurisdiction of the court is based on diversity of citizenship and the policy was issued in Florida, as is the case here, the district court must look to the substantive law in Florida for guidance in interpreting the policy. Lazzara Oil Co. v. Columbia Cas. Co., 683 F. Supp. 777, 779 (N.D. Fla. 1988). Courts must construe an insurance contract in its entirety, striving to give every provision meaning and effect. Id. (citing Dahl-Eimers v. Mut. of Omaha Life Ins. Co., 986 F.2d 1379, 1382 (11th Cir. 1993)). Furthermore, the Eleventh Circuit has noted that

> insurance contracts are to be construed in a manner that is reasonable, practical, sensible, and just . . . . Terms used in a policy are given their plain and ordinary meaning and read in the light of the skill and experience of ordinary people. Provisions that exclude or limit liability of an insurer are construed more strictly than provisions that provide coverage.

-8-

United States Fire Ins. Co. v. Freedom Village of Sun City
Ctr., 279 F. App'x 879, 880-881 (11th Cir. 2008)(internal
citations omitted).

**III. <u>Analysis</u>**

The Claims-Made Policy at issue in this case obligates
Landmark to pay damages and claim expenses for claims first
made against Suncoast during the policy period and reported
to Landmark no later than thirty days after the end of the
policy period. The Policy states in pertinent part:

> Part III. Definitions
> C. Claim means a written or verbal demand,
> including any incident, occurrence or offense
> which may reasonably be expected to result in
> a claim, received by the Insured for money or
> services, including service of suit or
> institution of arbitration proceeding against
> the Insured.

The Policy further includes the following language:

> Part II. Exclusions
> This policy does not apply to any Claim or Claim
> Expenses based upon or arising out of:
> Q. Any alleged act, error, omission, or
> circumstance likely to give rise to a Claim
> that an insured had knowledge of prior to the
> effective date of this policy. This exclusion
> includes, but is not limited to, any prior
> Claim or possible Claim referenced in the
> Insured's application.

In that context, the question at issue is the precise meaning of Ziolkowski's allegation of "[f]ailure to have in place sufficient policies and procedures, staff, and assistive technology to ensure that diagnostic tests and communication between physicians and other medical personnel was performed," included in the NOI Ziolkowski served on Suncoast, Ettel and Sotolongo on June 8, 2007.

Landmark asserts that the NOI constituted formal, written notice that Ziolkowski intended to initiate litigation and seek money damages against both the individual physicians and Suncoast. (Doc. # 110 at 8). Because this alleged claim was made against Suncoast on June 8, 2007, it would be covered under the 2007-2008 Policy if Suncoast had notified Landmark no later than April 1, 2008. However, Landmark denied coverage because Suncoast did not report the claim until October 22, 2008. Landmark argues that the claim was not covered by the 2008-2009 Policy because the claim was made during 2007.

Landmark further asserts that even if Ziolkowski's claim against Suncoast were covered by the 2008-2009 Policy - the Policy in place when Suncoast reported the claim - it

was expressly excluded pursuant to Part II.Q. (<u>Id.</u> at 11).
Landmark argues that Suncoast knew of the potential claim
prior to the effective date of the Policy, triggering the
exclusion. (<u>Id.</u> at 12).

Ziolkowski argues that the NOI did not provide Suncoast
with notice of any "incident, occurrence or offense" that
might reasonably be construed as a claim against it. The NOI
asserted several potential claims but did not specify which
provider was alleged to have committed any particular
breach. (Doc. # 111 at 2). Furthermore, Suncoast had been
served with NOIs on several prior occasions, all of which
named Suncoast only because the claimant sought to hold the
clinic vicariously liable for the acts or omissions of the
physicians who provided services there; the Landmark policy
excluded claims of liability for the acts of physicians.
(<u>Id.</u>). Suncoast understood the Ziolkowski NOI to be similar,
and followed its usual procedures for handling such claims.[1]
(<u>Id.</u> at 5-7).

_____

[1] Suncoast Executive Director David Bailey stated that
his procedure was to send claims to legal counsel Troy Crotts
and/or insurance agent Andrew Wallace of Wallace Welch and
Willingham (WWW) for review. A matter was not considered a
claim until either Crotts or Wallace determined that it needed
to be reported to an insurance carrier. (Doc. # 111 at 6).

Ziolkowski asserts that Suncoast did not learn of a potential direct claim against it until a pre-suit mediation held on May 23, 2008. (<u>Id.</u> at 7). Furthermore, Suncoast did not understand that a claim relating to policies and procedures existed and was meant to target it directly for liability until October 2008. (<u>Id.</u> at 9). Thus, Ziolkowski argues that the claim was covered by the 2008-2009 Policy and duly reported as required on October 22, 2008.[2]

The Court determines that a genuine issue of material fact exists as to whether the NOI reasonably constituted a direct claim against Suncoast, and whether Suncoast had knowledge of Ziolkowski's potential direct claim against it when Ziolkowski served the NOI in 2007. It would invade the province of the jury for this Court to decide whether or not Suncoast acted reasonably in presuming that the Ziolkowski NOI only reflected claims for vicarious liability that would

_____

[2] In her complaint against Landmark, Ziolkowski asserted an alternative argument that notice of the NOI to Wallace constituted sufficient notice to Landmark under the 2007-2008 policy because of an agency relationship between Landmark and WWW. (Doc. # 108 at ¶ 20). In her motion for summary judgment, however, Ziolkowski states that coverage under the 2007-2008 policy is not at issue for purposes of summary judgment because "the issue of agency is factually disputed." (Doc. # 111 at 2 n.1).

not be covered under the Landmark policy. A reasonable juror could determine that the NOI did not provide Suncoast with a reasonable expectation of the potential claim against it. Therefore, summary judgment is not appropriate.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Landmark's motion for summary judgment (Doc. # 110) is **DENIED.**

(2) Ziolkowski's motion for summary judgment (Doc. # 111) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of July 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record