UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLLEEN A. ZIOLKOWSKI, as
Personal Representative of the
Estate of CHARLES J. ZIOLKOWSKI,
Deceased, as Assignee of
SUNCOAST MEDICAL CLINIC, LLC.,

       Plaintiff,
v.                             Case No. 8:09-cv-776-T-33TGW

LANDMARK AMERICAN INSURANCE
COMPANY,

       Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Landmark American Insurance Company's Motion to Strike Expert Report and Preclude Expert Testimony and Alternative Motion for Leave to Designate an Expert (Doc. # 121), filed on August 1, 2011. Plaintiff Colleen A. Ziolkowski filed a response on August 15, 2011 (Doc. # 127). For the reasons that follow, the Motion is denied.

**I.    Background**

This case arises from a negligence action initiated by Colleen A. Ziolkowski against Suncoast Medical Clinic on or about August 22, 2008 (Doc. # 40 Ex. 2). Landmark insured Suncoast under Claims-Made Policy # LHM712725 for the period of March 1, 2007, through March 1, 2008 (the "2007-2008

Policy") and March 1, 2008 to March 1, 2009 (the "2008-2009 Policy"). On or about October 22, 2008, Suncoast informed Landmark of Ziolkowski's allegations against Suncoast for deficient policies and procedures. Landmark asserted that there was no coverage under the 2008-2009 Policy because Ziolkowski first asserted her claim via a Notice of Intent (NOI) filed during the 2007-2008 Policy period.

On March 17, 2010, Suncoast filed a claim against Landmark for breach of contract. (Doc. # 61). Then, on January 21, 2011, Suncoast assigned its rights and interest to all actions or causes of action against Landmark to Ziolkowski, who was substituted as a party in this action (Doc. ## 106-107). Ziolkowski filed her second amended third-party complaint against Landmark on February 7, 2011 (Doc. # 108). The parties filed cross motions for summary judgment on March 28, 2011. (Doc. ## 110-111). The Court denied the motions on July 1, 2011 (Doc. # 115), finding that whether the NOI reasonably provided Suncoast with knowledge of the direct claim against it is a question of fact for the jury.

On August 1, 2011, Landmark filed the instant Motion. (Doc. # 121). Landmark seeks to strike the report of Ziolkowski's expert, Robert Santos, Esq., and preclude Mr.

2

Santos from testifying as an expert. In the alternative, Landmark seeks leave of Court to disclose an opposing expert.

## II. Legal Standard

A district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003) (finding that "there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment. Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th Cir. 2005) (citations omitted). The Eleventh Circuit has stated: "We will only reverse a district court's ruling concerning the admissibility of evidence where the appellant can show that the judge abused his [or her] broad discretion and that the decision affected the substantial rights of the

complaining party." <u>Wood v. Morbark Indus., Inc.</u>, 70 F.3d 1201, 1206 (11th Cir. 1995).

However, a district court's discretion "is dramatically narrowed where a party seeks to admit expert testimony purporting to offer legal conclusions." <u>Travelers Indem. Co. of Ill. v. Royal Oak Enter., Inc.</u>, 5:02-cv-58-OC-10GRJ, 2004 WL 3770571 at *2 (M.D. Fla. Aug. 20, 2004). The extent of coverage under an insurance policy, the legal obligations of parties to a contract and the legal implications of the parties' conduct are questions of law to be decided by the court. <u>Id.</u>

### III. **Analysis**

Suncoast disclosed its expert, Mr. Santos, in accordance with Federal Rule of Civil Procedure 26(a)(2), and provided an Amended (2nd) Expert Disclosure of F. Robert Santos dated December 23, 2010. (Doc. # 121-1). Ziolkowski has adopted Mr. Santos as expert. Landmark seeks to strike the expert report and preclude Mr. Santos from testifying as an expert in this matter. (Doc. # 121 at 2).

The expert report sets forth Mr. Santos's intent to testify that "[a] reasonable reading of the notice of intent would not place an ordinarily prudent person or professional (including an attorney) on notice that the claims included

4

direct negligence claims that would trigger the notice requirements under the policy." (Doc. # 121-1 at ¶ 11). The report also states that "[t]he claim was initially presented as one for medical malpractice" and that such claims need not be reported to Landmark. (Id.) Ziokowski states that, although the report sets forth a number of other opinions, the parties have stipulated that Mr. Santos will testify only as to whether the NOI would put a reasonable professional on notice of a direct claim of negligence.[1] (Doc. # 127 at 3).

### A. Motion to Strike Expert Report and Preclude Expert Testimony

Landmark contends that the expert report "establishes that Mr. Santos will present his opinions regarding whether there is coverage under Landmark's policy and whether Suncoast Medical met its reporting duties under its policy."[2] (Doc. # 121 at 4). Landmark contends that Mr. Santos therefore "intends to testify regarding legal conclusions that will determine the outcome of the case," and "provide opinions that

---

[1] Ziolkowski states that she is "withdrawing the opinion insofar as it asserts that the policy's notice requirements were not triggered." (Doc. # 127 at 4).

[2] Landmark further objects to Mr. Santos's opinion that the amount and terms of the Coblentz agreement were fair and reasonable and negotiated in good faith. However, Ziolkowski notes that Landmark has since stipulated to this fact, as stated in the parties' Joint Pretrial Statement. (Doc. # 124).

5

will tell the trier of fact what result to reach with regard to the insurer's liability." (Id. at 2).

Ziolkowski asserts that Mr. Santos's expert testimony is admissible under Federal Rule of Evidence 702, which Landmark does not appear to dispute. Ziolkowski further asserts that Mr. Santos's testimony is permitted under Federal Rule of Evidence 704, which states that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

Mr. Santos's testimony does go to the central issue in this case – whether Suncoast acted reasonably in presuming that the NOI only reflected claims for vicarious liability that would not have been covered under the Landmark policy. However, "[e]xpert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman." Goolsby v. Gain Technologies, Inc., 362 Fed. Appx. 123, 134-135 (11th Cir. 2010) (internal quotations and citations omitted). The question of whether the NOI would put a reasonable professional on notice of a direct claim of negligence is not

6

within the knowledge of the average layperson. The Court therefore finds that Mr. Santos's testimony in this regard is admissible.

Ziolkowski notes that Mr. Santos will need to "explain the nature of a negligence claim and the distinction between direct and vicarious liability in the context of medical malpractice claims" in order to provide a framework for his testimony. (Doc. # 127 at 5). Such testimony is admissible. See Royal Oak Enter., 2004 WL 3770571 at *2 (finding that "passing reference to a legal principle or assumption in an effort to place his opinions in some sort of context will not justify the outright exclusion of the expert's report in its entirety").

However, Rule 704 was not intended to allow experts to offer opinions embodying legal conclusions. See Advisory Committee Notes to Fed. R. Evid. 704. The Court therefore cautions that it would be improper, under Rule 704, to allow Mr. Santos to state unequivocally that the NOI represented a claim for medical malpractice that Suncoast had no duty to report under the Landmark policy. The Court will allow Mr. Santos's testimony based upon Ziolkowski's assertion that she is withdrawing any opinion in this regard.

7

### B.     <u>Alternative Motion for Leave to Designate an Expert</u>

Landmark requests in the alternative that this Court grant it leave to disclose an opposing expert. (Doc. # 121 at 6). Ziolkowski argues that Landmark has known of Mr. Santos's report for nearly nine months, and the deadline to disclose experts has long since passed. (Doc. # 127 at 5-6). Ziolkowski further asserts that disclosure of an expert on the eve of trial would be prejudicial to her. (<u>Id.</u> at 6).

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony:

> A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." <u>Reese v. Herbert</u>, 527 F.3d 1253, 1266 (11th Cir. 2008) (internal quotations and citations omitted).

8

Pursuant to the Second Amended Case Management and Scheduling Order (Doc. # 104), filed January 28, 2011, Landmark's deadline for disclosing expert witnesses expired November 30, 2010. Landmark offers no support for why it should be allowed to disclose an expert at this late date. Absent any justification, and given the potential prejudice to Ziolkowski, the Court declines to permit Landmark to disclose an opposing expert.

## IV. Conclusion

In her response to Landmark's Motion, Ziolkowski states that "Mr. Santos will only testify regarding his opinion that the NOI would not put a reasonable professional on notice of direct negligence claims. Mr. Santos will not testify as to ultimate issues of law . . . ." (Doc. # 127 at 5). The Court finds that this testimony is admissible.

It does not appear that Mr. Santos will testify regarding the Coblentz agreement between Ziolkowski and Suncoast; in any event, the parties stipulated in their Joint Pretrial Statement that the "consent judgment was reasonable in amount and entered in good faith." (Doc. # 124 at ¶ 9(f)). Thus, the Court finds that Landmark's objection to this testimony is moot.

9

The Court therefore declines to strike Mr. Santos's entire expert report or preclude his testimony. The Court further declines to grant Landmark leave to disclose an opposing expert at this time.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion to Strike Expert Report and Preclude Expert Testimony and Alternative Motion for Leave to Designate an Expert (Doc. # 121) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of August 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record