```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

COLLEEN A. ZIOLKOWSKI, as
Personal Representative of the
Estate of CHARLES J. ZIOLKOWSKI,
Deceased, as Assignee of
SUNCOAST MEDICAL CLINIC, LLC.,

        Plaintiff,
v.                                Case No. 8:09-cv-776-T-33TGW

LANDMARK AMERICAN INSURANCE
COMPANY,

        Defendant.
_____/

**<u>ORDER</u>**

This cause is before the Court pursuant to Defendant Landmark American Insurance Company's Oral Motion for Directed Verdict, made on September 7, 2011 (Doc. # 154). The Court reserved ruling on the Motion. After a review of the evidence and testimony from the trial and supplemental case law filed by Landmark, the Court denies the Motion.

Federal Rule of Civil Procedure 50(a) provides for judgment as a matter of law if "a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party on [an] issue." The Eleventh Circuit has stated:

> On motions for directed verdict and for judgment notwithstanding the verdict, the Court should consider all the evidence -- not just that evidence which supports the non-mover's case -- but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and

> overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is appropriate. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.

Watts v. Great Atl. & Pac. Tea Co., 842 F.2d 307, 309 (11th Cir. 1988) (citation omitted). A trial judge is not permitted to weigh the evidence in considering such a motion. Id. at 310.

This case involved questions of coverage and exclusions from coverage under a claims-made policy issued by Landmark for Suncoast Medical Clinic. Florida law establishes a burden-shifting framework for insurance matters involving questions of coverage and exclusions: "The burden is on the insured to prove that the insurance policy covers a claim against it. Once the insured shows coverage, the burden shifts to the insurer to prove an exclusion applies to the coverage." E. Fla. Hauling, Inc. v. Lexington Ins. Co., 913 So.2d 673, 678 (Fla. 3d DCA 2005).

Landmark asserts that Ziolkowski failed to meet her initial burden in proving coverage and cites several cases in support, primarily Myers v. Interstate Fire & Cas. Co., No. 8:06-cv-2347-T-30MAP, 2008 WL 276055 (M.D. Fla. Jan. 30,

2008), which cited <u>Gulf Ins. Co. v. Dolan, Fertig & Curtis</u>, 433 So.2d 512 (Fla. 1983). Landmark further asserts that even if coverage were proven, it met its burden of establishing that the claim was excluded from coverage because Suncoast had knowledge of it prior to the policy term. These arguments do not differ materially from the arguments Landmark made in its motion for summary judgment, and the additional authority cited does not change the Court's reasoning in denying that motion.

The jury was asked to decide if Ziolkowski established by the preponderance of the evidence that the Landmark policy covered the claim. If Ziolkowski met her burden, the jury was asked to decide if Landmark established by the preponderance of the evidence that Suncoast knew of an alleged act, error, omission or circumstance likely to give rise to a claim against it prior to the policy term. The jury found for Ziolkowski on both issues, and substantial evidence supports the verdict. The Court therefore denies the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

Defendant's Oral Motion for Directed Verdict (Doc. # 154) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> day of September, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record