UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLLEEN A. ZIOLKOWSKI, as
Personal Representative of the
Estate of CHARLES J. ZIOLKOWSKI,
Deceased, as Assignee of
SUNCOAST MEDICAL CLINIC, LLC,

          Plaintiff,

v.                     Case No.  8:09-cv-776-T-33TGW

LANDMARK AMERICAN INSURANCE
COMPANY,

          Defendant.

_____/

## ORDER

This cause comes before the Court pursuant to Defendant, Landmark American Insurance Company's Renewed Motion for Judgment as a Matter of Law, Motion for New Trial (Doc. # 161), filed on October 11, 2011. Plaintiff Colleen A. Ziolkowski filed a response in opposition to the Motion on October 25, 2011. (Doc. # 173). For the reasons that follow, the Court denies the Motion.

## I.  Background

Landmark insured Suncoast Medical Clinic, LLC under Claims-Made Policy # LHM712725 for the period of March 1, 2007, through March 1, 2008 (the "2007-2008 Policy") and Claims-Made Policy # LHM716793 for the period of March 1,

2008, through March 1, 2009 (the "2008-2009 Policy"). On June 8, 2007, Ziolkowski served a Notice of Intent to Initiate Litigation (NOI) to Suncoast and two of its physicians. The NOI included allegations for, among other things, "[f]ailure to have in place sufficient policies and procedures, staff, and assistive technology to ensure that diagnostic tests and communication between physicians and other medical personnel was performed." (Doc. # 40 Exh. 2).

Suncoast argued that it presumed the NOI represented a claim for vicarious liability against the clinic for the actions of the physicians--a claim that would not be covered by the Landmark policy. Suncoast asserted that it did not learn of a potential direct claim until a pre-suit mediation held on May 23, 2008, or that a claim of direct liability existed until October 2008. As a result, Suncoast did not inform Landmark of Ziolkowski's claim until October 2008.

Landmark asserted that there was no coverage under the 2008-2009 Policy because Ziolkowski first asserted her claim against Suncoast prior to the 2008-2009 Policy period. Landmark further argued that even if Ziolkowski's claim were covered by the 2008-2009 Policy it was expressly excluded because Suncoast knew of the potential claim prior to the Policy's effective date.

The case proceeded to trial on September 6, 2011. After one day of testimony regarding Suncoast's claims-handling procedures, the case went to the jury. The jury found that a claim was first made against Suncoast after March 1, 2008, and that Suncoast reported the claim to Landmark no later than April 1, 2009. The jury further found that Suncoast did not know of an alleged act, error, omission or circumstance likely to give rise to a claim against it prior to March 1, 2008. The Court entered judgment in favor of Ziolkowski, Suncoast's assignee, on September 12, 2011. (Doc. # 152).

At trial, Landmark renewed its summary judgment motion as an oral motion for directed verdict. (Doc. # 154). The Court reserved ruling on the Motion at trial, then denied the Motion on September 16, 2011. (Doc. # 155).

## II.  Legal Standard

Federal Rule of Civil Procedure 50(a) permits the court to grant judgment as a matter of law against a party "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). Rule 50(b) allows a party to renew a motion for judgment as a matter of law after trial, if filed no later than 28 days after entry of judgment. Fed.

3

R. Civ. P. 50(b). The movant may include with the Rule 50(b) motion "an alternative or joint request for a new trial under Rule 59." Id.

Courts should grant judgment as a matter of law only "if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." Middlebrooks v. Hillcrest Foods, Inc., 256 F.3d 1241, 1246 (11th Cir. 2001). Stated another way, "a court should render judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192 (11th Cir. 2004). Further, in conducting a Rule 50 analysis, the court must refrain from invading the province of the jury: "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. at 1193 (internal quotations and citations omitted).

Federal Rule of Civil Procedure 59 governs motions for a new trial and generally provides that a new trial may be granted "on all or some of the issues--and to any party-- . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in

federal court." Fed. R. Civ. P. 59. The Supreme Court has noted that a party may seek a new trial on grounds that "the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." <u>Montgomery Ward & Co. v. Duncan</u>, 311 U.S. 243, 251 (1940).

**III.** <u>**Analysis**</u>

    **A.** <u>**Motion for Judgment as a Matter of Law**</u>

Landmark argues that it is entitled to judgment as a matter of law because "Suncoast received notice of the claim asserted against it but failed to report the claim during the applicable Policy Period. Therefore the claim was not covered under the insuring agreement." (Doc. # 161 at 5). Therefore, Landmark argues, Ziolkowski did not meet her initial burden to show that coverage existed under the 2008-2009 Policy. (<u>Id.</u> at 8). Landmark asserts that "[n]one of the evidence at trial supports a contrary finding." (<u>Id.</u>).

This argument is based upon the same grounds asserted in Landmark's Motion for Summary Judgment (Doc. # 110), which this Court denied on July 1, 2011 (Doc. # 115), and Landmark's Motion for Directed Verdict, which this Court denied on

September 16, 2011 (Doc. # 155). Landmark's argument
presupposes that the NOI represented a "claim" as defined by
the policy. However, the jury found that a claim was first
made against Suncoast after March 1, 2008, and there is
sufficient evidentiary basis for the jury's verdict. The Court
therefore denies the Renewed Motion for Judgment as a Matter
of Law.

   B.   **Motion for New Trial**

   Landmark moves for a new trial because of certain
arguments made by Plaintiff's counsel.[1] (Doc. # 161 at 9).
Specifically, Landmark asserts that Plaintiff's counsel
"repeatedly advised the jury that it was their job to consider
whether the insured--Suncoast--'reasonably' believed the claim
was a claim." (Id. at 10). Landmark asserts that these
statements may have led the jury to believe that the issue
being tried was "not whether the claim was reported, but,
according to Plaintiff, whether the insured reasonably
believed there was a claim." (Id. at 11). Landmark argues that

---

   [1] Landmark states in its Motion that counsel "is not yet
in possession of the transcripts of the trial (DE #149) but
once same are transcribed and received, may seek leave to
supplement this Motion for New Trial with any additional
grounds that appear in the transcript." (Doc. # 161 at 11).
Landmark did not order transcripts, however. The Court
presumes, at this date, that Landmark does not seek to
supplement the Motion.

the jury was not instructed on this issue, nor were they to consider it on the verdict form. (<u>Id.</u> at 10).

Ziolkowski argues that Plaintiff's counsel made arguments consistent with the parties' stipulations as to the triable issues.[2] (Doc. # 164 at 2). Ziolkowski further asserts that Landmark's counsel failed to timely object to any arguments made by Plaintiff's counsel. (<u>Id.</u> at 5).

"Counsel must timely object to any issues that arise at trial "to provide the court an opportunity to take corrective action." <u>S.E.C. v. Diversified Corporate Consulting Grp.</u>, 378 F.3d 1219, 1226 (11th Cir. 2004). "The Court may not grant a new trial based on alleged errors committed during trial when the moving party failed to make timely objections to those errors during trial." <u>Richardson v. Bombardier, Inc.</u>, No. 8:08-cv-544-T-31MSS, 2005 WL 3087864, at * 7 (M.D. Fla. Nov. 16, 2005). The Court agrees that Landmark's counsel failed to timely object to any statements made by Plaintiff's counsel; therefore, Landmark waived its right to raise that issue.

---

[2] The parties stipulated that the issues of fact to be litigated included "[w]hether the NOI reasonably constituted a direct negligence claim against Suncoast" and "[w]hether Suncoast had knowledge of Ziolkowski's potential direct negligence claim against it when Ziolkowski served the NOI in 2007." (Doc. # 124 at 8).

"While a new trial may be granted if there was substantial error . . . the Court may not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result." Id. This Court is not convinced of any serious error in this case. On the contrary, the Court finds that the jury's verdict is supported by the weight of the evidence. The Court therefore denies the Motion for New Trial.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant, Landmark American Insurance Company's Renewed Motion for Judgment as a Matter of Law, Motion for New Trial (Doc. # 161) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>15th</u> day of February 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record

8